In the Matter of MORTON J. SCUDDER, Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

First Department, February 16, 1948.

*Alvin McKinley Sylvester,* counsel to State Liquor Authority, for appellants.

*Emil K. Ellis* of counsel (*Abraham J. Heller, Jonas Ellis* and *Abraham Beital* with him on the brief), for respondent.

*Per Curiam.* When this case was last here we remitted the proceeding to the State Liquor Authority for further consideration and with a direction that it make specific findings of fact in support of whatever determination it might reach upon the

evidence (*Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 255). Thereafter a hearing was held before the authority at which evidence was presented by both sides. At the completion of the hearing, the authority in refusing to grant the license found " There are a sufficient number of similarly licensed premises serving the vicinity applied for." As elaborated by the evidence in this case, that finding was sufficiently specific to permit an intelligent judicial review. The authority disapproved petitioner's application because concededly there were five liquor stores in close proximity to petitioner's location, one of which had been licensed to take the place of the store formerly operated at petitioner's premises. In disapproving petitioner's application upon the finding that the vicinity was sufficiently served by existing outlets, it may not here be held that the authority acted unreasonably, arbitrarily or in bad faith (*Matter of Snetlage* v. *O'Connell,* 271 App. Div. 1015, affd. 297 N. Y. 707).

The Special Term reversed the determination of the authority and directed that the application of petitioner for a license be granted, stating that the equities preponderated with petitioner and that the evidence adduced by petitioner appeared to outweigh that offered by respondents. We think that the Special Term erred.

The final order annulling the determination of the State Liquor Authority should accordingly be reversed on the law and the facts, without costs, and the determination of the State Liquor Authority confirmed, without costs.

PECK, P. J., GLENNON, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Final order annulling the determination of the State Liquor Authority unanimously reversed, without costs and the determination of the State Liquor Authority confirmed, without costs. Settle order on notice.